UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| DONALD JACOB CISSELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-CV-120 PLC |
| UNKNOWN WINDHAM, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion to proceed in forma pauperis, as well as, review of plaintiff's complaint pursuant to 28 U.S.C.§ 1915(e).[1] Plaintiff, a former inmate at Mississippi County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Because plaintiff's claims lack specificity, the Court will order plaintiff to amend his claims on a form complaint for filing prisoner complaints. Plaintiff will be allowed twenty-one (21) days to do so. Failure to amend his complaint in a timely manner will result in a dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v.*

---

[1] Because plaintiff is not currently incarcerated, and a review of his account statement shows that he is a pauper, the Court will grant plaintiff's motion to proceed in forma pauperis and will not assess a filing fee in this action.

*Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff claims that on June 8, 2019 in the County of Mississippi, Missouri, he was physically injured. He appears to allege in his complaint that he was injured during the course of his arrest by one of the defendant Missouri State Troopers: Trooper Unknown Westmoreland or Trooper Unknown Windham.

Plaintiff claims that he suffered two black eyes, a fracture to his right hand, scrapes on his left arm "from being dragged across the ground," and three or four gashes on his face from being punched in the face. He claims that one of the officers testified at his preliminary hearing that he/she punched him once in the face. He asserts that one of the other officers admitted that he/she punched him three times in the face.

Plaintiff states he was also tased and had to be rushed to the hospital to see if he suffered from internal injuries. He claims that he couldn't see out of his left eye after the altercation and for some time after that time, he coughed up blood.

Plaintiff brings this action against defendants in their official and individual capacities.[2] He seeks injunctive relief only.

**Discussion**

The Court has reviewed the complaint and believes that, although plaintiff may be able to assert claims based on the denial of his constitutional rights, as written, he has failed to state a claim upon which relief may be granted.

First and foremost, plaintiff has failed to allege which defendant allegedly violated his rights, or subjected him to excessive force, and whether this purportedly occurred during the course of arrest or during some other altercation.[3] Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

---

[2] Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

[3] The first step in analyzing a § 1983 excessive force claim is to identify "the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourth Amendment protects against deprivations of liberty and specifically, against the use of excessive force during an arrest, investigatory stop, or other "seizure" of a person. *Id.* at 388. By contrast, the Due Process Clause of the Fourteenth Amendment protects against conditions of pretrial confinement that amount to punishment. *Bell v. Wolfish,* 441 U.S. 520, 533–34, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *see also Riley v. Dorton,* 115 F.3d 1159, 1162 (4th Cir.1997) ("A deprivation of liberty ... is not the same thing as a condition of confinement").

directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Second, in his complaint, plaintiff has only asked for injunctive relief. More specifically, in plaintiff's request for relief, he seeks only appointment of counsel.[4] Plaintiff has not sought damages of any kind, nor has he sought injunctive relief related to the defendants named in this lawsuit. To that end, plaintiff's lawsuit appears to be moot, as there is nothing this Court appears able to award plaintiff for relief, as stated in his complaint.

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In drafting his amended complaint, plaintiff should be cognizant that he must adequately allege facts showing how each named defendant was personally aware of and disregarded a substantial risk to plaintiff's health or safety.[5] "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v.*

---

[4] Because plaintiff has been able to articulate his claims on his own, the Court will decline to appoint counsel at this time. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).

[5] For example, plaintiff must take care to articulate exactly how a particular defendant purportedly denied him medical care on a specific date or time. To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

*Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

Plaintiff must prepare the amended complaint using a Court-provided form and must follow Rule 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires that the complaint contain a short and plain statement of the claim showing entitlement to relief. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity.[6] If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[6] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order. Plaintiff is advised that his failure to comply with this Order will result of the dismissal of this action, without prejudice and without further notice to him.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank form complaint for the filing of a prisoner civil rights complaint.

Dated this 6th day of March, 2020.

                                         HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE